UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISAIAH DAVIS, | ) | CAUSE NO.: 2:08-CR-34-JTM-PRC |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Government's Motion to Require Defendant to Furnish Prints [DE 20], filed by the Government on February 9, 2009. The Defendant in the instant matter is charged with being a felon in possession of a firearm. The Government represents that it has recovered latent prints from the firearm at issue in this case. In the instant Motion, the Government requests that the Court order Defendant Davis to provide finger and palm prints to the Bureau of Alcohol, Tobacco, Firearms, and Explosives, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to compare with the prints found on the firearm at issue. On February 12, 2009, Defendant filed his Response brief objecting to the instant Motion on the basis that the All Writs Act does not provide the Court with authority to order Defendant to provide the requested prints and no probable cause exists under the Fourth Amendment to take the requested prints. The Government filed its reply brief on February 12, 2009.

The All Writs Act provides that "[t]he Supreme Court and all other courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act only empowers federal courts to issue writs in the course of exercising jurisdiction acquired on some other independent basis. *Cameo Care Center, Inc., v. Dept. of Health and Human Svcs.*, No. 96-C-

513, 1997 WL 599421, at *3 (E.D. Wis. May 31, 1997). Under Local Rule 72.1(c) of the United States District Court for the Northern District of Indiana, "[a] magistrate judge may hear and determine any procedural or discovery motion or other motion or pre-trial matter in a . . . criminal case . . . ." L.R. 72.1(c). Accordingly, this Court has jurisdiction over the instant Motion.

The Fourth Amendment protects people from unreasonable searches and seizures of their "persons, houses, papers, and effects," but this prohibition applies only when "identifying physical characteristics (such as a person's fingerprints or voice) are obtained during an unlawful detention or arrest or when a bodily intrusion (such as a blood test) is undertaken without a warrant, absent an emergency." *United States v. Brewer*, Cause No. 3:07-CR-123(01)RM, 2008 WL 506044, at *1 (N.D. Ind. Feb. 19, 2008) (citing *Davis v. Mississippi*, 394 U.S. 721 (1969); *United States v. Wade*, 388 U.S. 218 (1967); *Schmerber v. California*, 384 U.S. 757 (1966)). "The analysis of any Fourth Amendment claim involves a potential violation at two different levels: "the 'seizure' of the 'person' necessary to bring him into contact with government agents . . . and the subsequent search for and seizure of the evidence." *United States v. Sechrist*, 640 F.2d 81, 85 (7th Cir. 1981) (quoting *United States v. Dionisio*, 410 U.S. 1, 8 (1973)).

In response to the instant Motion, Defendant contends that no probable cause exists for the taking of Defendant's finger and palm prints and that the Government's request constitutes a "fishing expedition" seeking to bolster its investigation. However, the furnishing of finger and palm prints does not implicate the Fourth Amendment. *Brewer*, 2008 WL 506044, at *1; *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (stating that the furnishing of prints does not constitute an unreasonable search and seizure under the Fourth Amendment); *Sechrist*, 640 F.2d at 86 (holding that the "minimal burden imposed on [the defendant] in requiring him to submit to fingerprinting did not therefore infringe his Fourth Amendment rights."); *United States v. Meza-*

*Rodrigues*, No. 1:06-CR-171, 2006 WL 2431398, at *1 (W.D. Mich. Aug. 21, 2006) (citing *Pipito* for the proposition that compulsory production of a defendant's hand prints does not implicate the Fourth Amendment).

Further, even if probable cause is required for the Defendant to furnish his finger and palm prints, the Court finds that such probable cause exists here. In the instant Motion, the Government represents that the requested prints are necessary to assist in the analysis of evidence and comparison to the prints recovered from the firearm at issue. In its reply brief, the Government represents that at the time of Defendant's arrest, a Gary Police Officer observed him possessing, on his person, the firearm at issue. Further, the Government represents that Defendant later provided the Bureau of Alcohol, Tobacco, Firearms and Explosives with a post-*Miranda* videotaped statement in which he admitted to possessing the firearm. Accordingly, probable cause exists for the Government to believe that the prints on the recovered firearm are Defendant's and to require Defendant to furnish finger and palm prints.

Additionally, the Court notes that, as conceded by Defendant, no Fifth Amendment issue exists in this matter as "the taking of blood samples or fingerprints is not testimonial evidence and as such is not protected by the Fifth Amendment." *United States v. Hook*, 471 F.3d 766, 773 (7th Cir. 2006).

Accordingly, having reviewed the instant Motion, the Court hereby **GRANTS** the Government's Motion to Require Defendant to Furnish Prints [DE 20]. The Defendant is **ORDERED** to provide his finger and palm prints to the United States Attorney's Office for the Northern District of Indiana, to be obtained by an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. The Court **DIRECTS** counsel to schedule the taking of Defendant's finger and palm prints at a time that will allow counsel for Defendant to be present at the taking of

such finger and palm prints.

So ORDERED this 20th day of February, 2009.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record